**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| QUENTIN THOMPSON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-0944-TFM-MU |
| MARY COOKS, et al., | : | |
| Defendants. | | |

## **REPORT AND RECOMMENDATION**

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, with prejudice, based upon Quentin Thompson's pattern of willful failure to prosecute this action and comply with the Court's orders dated April 2, 2020 (Doc. 7), May 11, 2020 (Doc. 9), June 10, 2020 (Doc. 10), and July 23, 2020 (Doc. 11).

On November 5, 2019, Quentin Thompson filed his § 1983 complaint against various named defendants arising out of an altercation with a fellow inmate in June or July of 2018 that resulted in the Plaintiff being stabbed nine (9) times. (*See* Doc. 1). Because Plaintiff's complaint and motion to proceed without prepayment of fees were not on this Court's current forms, he was ordered to refile them on the appropriate forms the Clerk's Office sent to him. (Doc. 3). Thompson timely complied with this Order (*see* Docs.

4-5),[1] after which the Court granted his request to proceed without prepayment of fees but withheld service of process to allow a screening of his amended complaint (*see* Doc. 4) pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 6).

During screening of the Plaintiff's Amended Complaint, the Court discovered that Thompson was no longer incarcerated at Limestone Correctional, the last address provided to the Court. (*See* Doc. 7, at 1). Accordingly, the Court entered an Order on April 2, 2020, addressed to Plaintiff at the facility shown on the Alabama Department of Corrections' website (that is, Alabama Therapeutic Educational Facility), instructing him to advise, by April 30, 2020, whether he wanted "to continue litigating this action." (*Id.* at 2). Thompson was further advised that "[t]he failure to respond to this order within the required time or to advise the Court immediately of a change in address[2] will result in the dismissal of this action for failure to prosecute and to obey the Court's order." (*Id.* (footnote added)). When this April 2, 2020 Order was returned to the Court as undeliverable to Thompson at Alabama Therapeutic Educational Facility on April 27, 2020 (*see* Doc. 8), the Clerk sent a copy of the April 2, 2020 Order to the new address for Thompson gleaned from the ADOC website, that is, Stanton Correctional Facility (*see* Docket Sheet Entry for April 28, 2020). And, by Order dated May 11, 2020, Thompson was granted an extension of time, to June 5, 2020, to advise the Court whether he desired to continue litigating this action. (Doc. 9). "The failure to timely respond to this order or to advise the Court of a

---

[1] In his amended complaint, Thompson stated that the altercation with a fellow inmate actually occurred during the March-April, 2018 timeframe. (*See* Doc. 4, at 6-7).

[2] The substance of this Order contains the observation that "Plaintiff previously was warned by the Court that his failure to advise the Court of a change in his address would result in the dismissal of his action." (*Id.* at 1).

2

change in address will result in the dismissal of this action for failure to prosecute and to follow the Court's order." (*Id.*).

In preparing to enter a report and recommendation that this action be dismissed, since Thompson never filed a reply to either the April 2, 2020 Order or May 11, 2020 Order (*see* Docket Sheet), the Court discovered once again that Thompson had a new address, that is, Elmore Correctional Facility,[3] prompting entry of an Order on June 25, 2020, which reads, in relevant part, as follows:

> Even though Plaintiff did not notify the Court of a change in his address, the Court is granting him an extension of time. Accordingly, Plaintiff is **ORDERED** to advise the Court no later than **July 14, 2020** if he wants to continue litigating this action. The failure to timely respond will result in the dismissal of this action for failure to prosecute and to obey the Court's order.

(Doc. 10, at 1). This Order has not been returned to the Court as undeliverable to Thompson at Elmore Correctional Facility and, to date, Plaintiff has not advised this Court that he wants to continue litigating this action. (*See* Docket Sheet). However, because the incident from which Plaintiff's complaint arises appears to have occurred during the period of March-April, 2018 (*see* Doc. 4, at 7), the undersigned entered a show cause order on July 23, 2020, instructing Thompson "to **SHOW CAUSE,** not later than **August 7, 2020,** why his action should not be **DISMISSED WITH PREJUDICE** due to his failure to prosecute this action by following the Court's previous orders and advising whether he wishes to proceed with the litigation of this action." (Doc. 11, at 4). To date, this Court has not heard from Mr. Thompson.

---

[3] The April 2, 2020 Order that was forwarded to Plaintiff at Stanton and the May 11, 2020 sent to Thompson at Stanton were not returned to this Court as undeliverable to the Plaintiff. (*Compare* Doc. 10, at 1 *with* Docket Sheet).

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"). In this case, because Plaintiff's claim arose in the March-April, 2018 timeframe (Doc. 4), more than two years ago, any dismissal of this action would be viewed as a dismissal with prejudice because Alabama's two-year statute of limitations likely would bar Plaintiff's prosecution of his federal claims. *Compare Solis v. CitiMortgage, Inc.,* 700 Fed.Appx. 965, 979 (11th Cir. July 7, 2017) ("Where a dismissal has the effect of precluding an appellant from refiling her claim because the statute of limitations has run, the dismissal is 'tantamount to a dismissal with prejudice.'") and *Powell v. Siegal,* 447 Fed.Appx. 92, 93 (11th Cir. Nov. 17, 2011) ("When a complaint is dismissed without prejudice, but a statute of limitations bars a plaintiff from refiling her complaint, we review the dismissal *as though it was with prejudice.*"), *cert. denied sub nom. Powell v. Westgate Resorts, Inc.,* 568 U.S. 857, 133 S.Ct. 201, 184 L.Ed.2d 103 (2012) *with McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir.) ("All constitutional claims brought under § 1983 are tort

actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. . . . [Plaintiff's] claim was brought in Alabama, where the governing limitations period is two years. . . . Therefore, in order to have his claim heard, [Plaintiff] was required to bring it within two years from the date the limitations period began to run."), *granting stay sub nom. Callahan v. Allen,* 552 U.S. 1171, 128 S.Ct. 1138, 169 L.Ed.2d 959 (Jan. 31, 2008), *cert. denied,* 553 U.S. 1098, 128 S.Ct. 2914, 171 L.Ed.2d 850 (June 9, 2008) and *Smith v. Shorstein,* 217 Fed.Appx. 877, 881 (11th Cir. Feb. 13, 2007) ("The general federal rule is that a cause of action 'will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury.'").

> Dismissal with prejudice under Rule 41(b) is proper only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." [*Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999)]. Violations "caused by simple negligence, misunderstanding, or inability to comply" do not constitute "willfulness." *In re Se. Banking Corp.,* 204 F.3d 1322, 1332 (11th Cir. 2000).

*Powell, supra,* 447 Fed.Appx. at 93. And while "the severe sanction of a dismissal . . . is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders[,]" *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.), *cert. denied,* 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993), a district court is not required to first impose lesser sanctions if the lesser sanction would be ineffective, *see id.* at 1544.

Thompson has not responded to the Court's several Orders instructing him to advise the Court whether he wishes to proceed with this action, despite being given numerous chances to do so and despite being warned that any continued failure to

5

respond to the orders (or to advise the Court of a change in address) would result in the dismissal of his action for failure to prosecute and to follow the Court's Orders. (*See* Docs. 7, 9 & 10). In addition, and more troubling, Plaintiff has completely failed to respond to the Court's July 23, 2020 show cause order, which required him to show cause by August 7, 2020, why his action should not be dismissed with prejudice due to his failure "to prosecute this action by following the Court's previous orders and advising whether he wishes to proceed with the litigation of this action." (*Compare* Doc. 11, at 4 *with* Docket Sheet). Given that Plaintiff has shown the ability to comply with a previous order by this Court instructing him to file his complaint and IFP motion on this Court's proper forms (*compare* Docs. 4-5 *with* Doc. 3), his utter silence over the course of the last four (plus) months—to provide a simple answer to the very simple question of whether he wishes to continue litigating this action—constitutes willful contempt of this Court's Orders dated April 2, 2020, May 11, 2020, June 10, 2020, and July 23, 2020. Therefore, it is recommended that Thompson's present action be **DISMISSED WITH PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), as no lesser sanction short of dismissal would be appropriate given Plaintiff's clear pattern of willful refusal to comply with this Court's lawful orders.[4]

---

[4] Mr. Thompson's unwillingness to comply with the clear terms of this Court's orders demonstrates that such non-compliance is likely to continue. Moreover, monetary sanctions would be illusory for a *pro se* prisoner Plaintiff, like Mr. Thompson, with little (or no) means to afford such sanctions and no likely impetus to pay them even if he could afford to pay. Nor, under the circumstances, is it fair to believe that excluding evidence or striking claims would cause Mr. Thompson to comply with orders of the court that are only going to become more (not less) onerous. And staying further proceedings in this case until the orders are obeyed will only reward Plaintiff's defiance of his litigation obligations while at the same time prejudicing the Defendants' ability to timely litigate this matter to conclusion. Thus, no lesser sanction than dismissal with prejudice will suffice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of August, 2020.

                                             s/P. Bradley Murray
                                        **UNITED STATES MAGISTRATE JUDGE**