# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| QUENTIN THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIV. ACT. NO. 1:19-cv-944-TFM-MU ) |
| MARY COOKS, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On August 12, 2020, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed with prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 12. No objections were filed.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Since the filing of his amended complaint on December 11, 2019, there has been no additional action by the Plaintiff despite several orders to do so. *See* Docs. 7, 9, 10, 11. Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** with one modification.

The Report and Recommendation recommends dismissal with prejudice; however, the Court finds that this is a typical failure to prosecute case. The Court acknowledges that a dismissal without prejudice may still be tantamount to a dismissal with prejudice as the statute of limitations may preclude Plaintiff from refiling. However, without more details, that cannot be determined with certainty and the Court does not find that Plaintiff's failure to prosecute *otherwise* rises to the level requiring dismissal with prejudice. Accordingly, this action is **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders.

**DONE** and **ORDERED** this 5th day of November, 2020.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE